## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RELIANCE STANDARD LIFE** | : | |
| **INSURANCE COMPANY** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 1:05-cv-01101-HHK** |
| **MASOOMEH ASHOORI MATINI** | : | |
| | : | |
| **and** | : | |
| | : | |
| **F. ALEXANDER MATINI** | : | |

_____

| | | |
|---|---|---|
| **MASOOMEH ASHOORI MATINI** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 1:05-CV-02254 HHK** |
| **RELIANCE STANDARD LIFE** | : | |
| **INSURANCE COMPANY** | : | |

## JOINT DISCOVERY PLAN PURSUANT TO FRCP 26(f) and LOCAL RULE 16.3

The undersigned counsel for Reliance Standard Life Insurance Company and Masoomeh Ashoori Matini have conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3 and hereby submit their Joint Proposed Planning Report. An attempt was made to include F. Alexander Matini's counsel in such conference. An Initial Scheduling Conference in this matter is scheduled for **May 26, 2006 at 11:15 a.m.**

### RULE 26(f) RESPONSES:

1. NATURE OF THE LAWSUIT: Reliance Standard filed this Interpleader action after it received conflicting claims to benefits under a group life insurance policy and a group accidental death insurance policy, both of which insured Houman Michael Matini (decedent). Benefits total $268,000.00 and are currently on deposit with this Court. Reliance Standard claims no interest

in the benefit amount, except reasonable attorney fees that may be due, upon motion. The

Interpleader Complaint is governed by the Employee Retirement Income Security Act of 1974

(ERISA), 29 U.S.C. §§ 1001, *et seq.*

2.   <u>PROPOSED DEADLINES</u>:   The parties jointly propose the following deadlines:

    a.   Deadline for submission of initial disclosures: <u>June 9, 2006</u>.

    b.   Discovery Deadline: <u>Claimant Masoomeh Ashoori Matini believes this case can be disposed of by her motion for summary judgment,[1] and therefore proposes postponing discovery until such time as the Court decides this motion. Alternatively, the parties propose September 8, 2006 as the discovery deadline</u>.

    c.   Other proposed orders: <u>Reliance Standard proposes that Cross-Motions for Summary Judgment should be filed: November 10, 2006. Claimant Masoomeh Ashoori Matini plans to file a motion for summary judgment on Monday, May 22, 2006 or in any event prior to the May 26, 2006 scheduling conference</u>.

    d.   A pretrial conference shall be held: <u>At the Court's convenience, following resolution of expected dispositive motions</u>.

    e.   Case shall be ready for trial by: <u>At the Court's convenience, following resolution of expected dispositive motions</u>.

**LOCAL RULE 16.3 RESPONSES:**

    1.   <u>Dispositive Motion</u>: Reliance Standard contends that its claims of Interpleader are

likely to be disposed of on a Motion for Summary Judgment or Motion for Discharge. However,

with regard to the competing claims of defendants to the benefits at issue, it is likely that the trial

will be necessary. Claimant Masoomeh Ashoori Matini disagrees that a trial is necessary. Given

the undisputed facts presented, the well-established law in this area, and Claimant F. Alexander

Matini's default in this matter, Ms. Matini believes the case can be disposed of by dispositive

motion.

---

[1] Ms. Matini is in the process of finalizing a motion for summary judgment, which she anticipates filing on Monday, May 22, 2006 and in any event prior to the May 26, 2006 scheduling conference.

2.    Joinder of Parties: The parties do not believe that additional parties need be joined, however, they propose the following deadline to join additional parties or amend the pleadings: June 9, 2006.

3.    Assignment to a Magistrate Judge: The parties have no objection to the assignment of this case to a Magistrate Judge for all purposes, including trial.

4.    Possibility for Settlement: Reliance Standard claims no interest in the benefit amount, except potential attorney fees. Claimant Masoomeh Ashoori Matini believes that under the facts presented, the well-established law in this area, and Claimant F. Alexander Matini's default in this matter, this case can be disposed of by a dispositive motion. Therefore, she believes that it is premature to enter into settlement negotiations at this time.

5.    ADR: The parties do not believe that alternative dispute resolution is appropriate in this matter; however, they would like to reserve the option to engage in ADR at a later time.

6.    Resolution by Dispositive Motion: Reliance Standard contends that its claims of Interpleader are likely to be disposed of on a Motion for Summary Judgment or Motion for Discharge. However, with regard to the competing claims of defendants to the benefits at issue, it is likely that the trial may be necessary. Claimant Masoomeh Ashoori Matini disagrees that a trial is necessary. Given the undisputed facts presented, the well-established law in this area, and Claimant F. Alexander Matini's default in this matter, she believes the case can be disposed of by dispositive motion.

7.    Initial Disclosures: The parties do not propose any changes to the initial disclosure requirements of Rule 26(a)(1).

8.    Discovery: Reliance Standard contends that no discovery is available from Reliance Standard as it is not a true party to the dispute for benefits. Claimant Masoomeh

Ashoori Matini believes this case can be disposed of by her motion for summary judgment, and therefore proposes postponing discovery until such time as the Court decides such motion.

9.    <u>Exchange of Expert Witness Information</u>: The parties do not propose any changes to the requirements of Rule 26(a)(2).

10.    <u>Class Action Procedures</u>: Not applicable.

11.    <u>Bifurcation of Trial and/or Discovery</u>: Not applicable.

12.    <u>Date for Pretrial Conference</u>: The parties request that the pretrial conference not be set until the Court has ruled on any dispositive motions filed following the close of discovery in this case.

13.    <u>Trial Date</u>: The parties request that the Court schedule the trial of this matter at the Court's convenience, following a ruling on dispositive motions

14.    <u>Other Matters</u>:  Not applicable.

Respectfully submitted,

Jean-Marie Sylla, Jr., Esq.
TAYLOR SYLLA & AGIN, LLP
1420 New York Avenue, N.W., Suite 810
Washington, D.C. 20005
*Counsel for Plaintiff*
*Reliance Standard Life Insur. Co.*

Bernard J. DiMuro, Esq.
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Claimant*
*Masoomeh Ashoori Matini*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via facsimile and first-class mail, postage prepaid this 22 day of May, 2006 to the following:

Jean-Marie Sylla, Jr., Esq.
Taylor, Sylla & Agin, LLP
1420 New York Avenue, N.W.
Suite 810
Washington, D.C. 20005
*Counsel for Reliance Standard*

Michael E. Geltner, Esq.
GELTNER & ASSOCIATES, P.C.
Number 10 E Street, S.E.
Washington, D.C. 20003
*Counsel for Claimant*
*F. Alexander Matini*

Paul B. Ward, Esq.
8304 Old Courthouse Road, Suite B
Vienna, VA 22182
*Counsel for Claimant*
*F. Alexander Matini*