# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RELIANCE STANDARD** | : | |
| **LIFE INSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.:  1:05CV01101** |
| | : | **(HHK)** |
| | : | |
| **MASOOMEH ASHOORI MATINI,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **F. ALEXANDER MATINI,** | : | |
| | : | |
| **Claimants.** | : | |

### CLAIMANT MASOOMEH ASHOORI MATINI'S
### MOTION FOR SUMMARY JUDGMENT

Claimant Masoomeh Ashoori Matini ("Mrs. Matini") hereby moves this Court, pursuant to Fed. R. Civ. P. 56, for the entry of judgment in her favor as to the amounts placed with the Court by against the plaintiff, Reliance Standard Life Insurance Company ("Reliance").  Based upon the undisputed record facts in this interpleader action, as set forth in greater detail in the accompanying memorandum of points and authorities, Mrs. Matini is entitled to the insurance proceeds at issue.  Accordingly, she respectfully asks the court to grant her motion for summary judgment and order dispersal of the insurance proceeds which have been deposited with this Court.  In addition to the accompanying legal memorandum, this motion is based upon the exhibits to that memorandum.

Respectfully Submitted,

MASOOMEH ASHOORI MATINI
By Counsel

___/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #929406)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via facsimile and first-class mail, postage prepaid this 23rd day of May, 2006 to the following:

Jean-Marie Sylla, Jr., Esq.
Taylor, Sylla & Agin, LLP
1420 New York Avenue, N.W.
Suite 810
Washington, D.C. 20005
*Counsel for Reliance Standard*

Michael E. Geltner, Esq.
GELTNER & ASSOCIATES, P.C.
Number 10 E Street, S.E.
Washington, D.C. 20003
*Counsel for Claimant*
*F. Alexander Matini*

Paul B. Ward, Esq.
8304 Old Courthouse Road, Suite B
Vienna, VA 22182
*Counsel for Claimant*
*F. Alexander Matini*

Jason D. Smolen, Esq.
SMOLEN PLEVY
8045 Leesburg Pike, Suite 450
Vienna, VA 22182
(703) 790-1754 (fax)
*Co-counsel for Claimant*
*Masoomeh Ashoori Matini*

_____/s/_____
Bernard J. DiMuro

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RELIANCE STANDARD** | : | |
| **LIFE INSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.: 1:05CV01101** |
| | : | **(HHK)** |
| | : | |
| **MASOOMEH ASHOORI MATINI,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **F. ALEXANDER MATINI,** | : | |
| | : | |
| **Claimants.** | : | |

### CLAIMANT MASOOMEH ASHOORI MATINI'S
### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

Claimant Masoomeh Ashoori Matini ("Ms. Matini"), by counsel, hereby submits this

Memorandum of Points and Authorities in Support of her Motion for Summary Judgment.

### INTRODUCTION

This is an interpleader action brought by Reliance Standard Life Insurance Company

("Reliance"). Reliance has refused to distribute the proceeds of an insurance policy to Ms.

Matini, as directed in her deceased husband's beneficiary designation form, on account of

claimant F. Alexander Matini's ("Alex Matini") baseless claim that the proceeds should be paid

to the decedent's father and threats to sue Reliance if it pays the proceeds to Ms. Matini.

Because the plan documents unambiguously entitle Ms. Matini to the life insurance proceeds,

summary judgment is appropriate.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  Houman Michael Matini ("decedent") died on February 20, 2005. *See* Death
Certificate attached hereto and to the Amended Complaint as Exhibit "A." At the time of his
death decedent was employed by Sytex, Inc. in Vienna, Virginia. Amended Complaint, ¶¶ 10,
11.1.

2.  As an employee of Sytex, Inc., decedent was covered under Reliance's group life
insurance policy number GL134491 (the "life policy") and group accident policy number
VAR202119 (the "accident policy"). The accident and life policies are part of Sytex, Inc.'s
employee welfare benefit plan and are governed by ERISA. *Id.*, ¶¶ 11-13; *see also* Group Life
Policy, attached hereto and to the Amended Complaint as Exhibit "B", and Group Accident
policy, attached hereto and to the Amended Complaint as Exhibit "C."

3.  As a result of decedent's death, benefits totaling $268,000.00 became due under
the accident and life policies. Amended Complaint, ¶ 14.

4.  Prior to his death, decedent had designated his wife, Ms. Matini, as sole
beneficiary. *Id.*, ¶ 15; *see also* June 30, 2002 Group Enrollment Form attached hereto and to the
Amended Complaint as Exhibit "D." According to the Death Certificate, decedent's marital
status at the time of death was "married, but separated." *Id.*, ¶ 17; *see also* Exhibit A.

5.  In accordance with the designation, on March 7, 2005, Ms. Matini submitted a
proof of loss statement, asserting a claim to the benefits under the policy. *Id.*, ¶ 15; *see also*
Proof of Loss Claim Statement attached hereto and to the Amended Complaint as Exhibit "E."

---

[1] In support of her motion for summary judgment, Ms. Matini relies on the facts and exhibits set
forth in the Amended Complaint. Alex Matini failed to file an answer or other responsive
pleading to the Amended Complaint, which was filed on October 6, 2005. Accordingly, Alex
Matini is deemed to have admitted the allegations in the Amended Complaint. In any event, the
undisputed facts establish Ms. Matini's rights to the interpleaded funds.

6.      On March 18, 2005, the administrator of decedent's estate, Alex Matini, submitted a competing claim to the proceeds of the policy, claiming that all benefits should be paid to decedent's father, Nasser Matini. *Id.*, ¶¶ 7, 18; *see also* March 18, 2005 letter attached hereto and to the Amended Complaint as Exhibit "F."

7.      Nasser Matini has not submitted a claim on his own behalf. *Id.*, ¶ 19.

8.      On April 6, 2005, Reliance advised Alex Matini that the only beneficiary designation in effect, named Ms. Matini as the sole beneficiary and asked that he advise whether he still objected to the payment of proceeds to the designated beneficiary, Ms. Matini. *Id.*, ¶ 20; *see also* April 6, 2005 letter attached hereto and to the Amended Complaint as Exhibit "G."

9.      On April 29, 2005, Alex Matini reasserted his unsubstantiated claim that Nasser Matini was the rightful beneficiary. *Id.*, ¶ 22; *see* also April 29, 2005 letter attached hereto as and to the Amended Complaint as Exhibit "I."

10.      As a result of the conflicting (albeit unsubstantiated) claim of Alex Matini, Reliance has refused to pay the proceeds of the policy to Ms. Matini and initiated this interpleader action on June 2, 2005. *Id.*, ¶¶ 23-34.

11.      There are no other beneficiary designation forms other than the June 30, 2002 beneficiary designation which lists Ms. Matini as the sole beneficiary. *Id.*, ¶¶ 15, 20; *see also* Exhibit D.  Moreover, the record contains no allegations that another beneficiary designation form exists or that decedent had attempted to change the beneficiary designation form which listed Ms. Matini as his sole beneficiary.

## ARGUMENT

### I.     Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted in favor of the moving party if the record indicates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Material facts are those which "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).  "To avoid summary judgment, the non-moving party must demonstrate that a genuine dispute exists, and provide evidence sufficient for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

In considering a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).  However, the non-moving party's opposition must consist of more than unsupported allegations.  Rather, "the opposition, must be supported by affidavits or other competent evidence setting forth specific facts showing there is a genuine issue for trial.  *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. at 324.  "The non-moving party may not rely upon the mere allegations or denials in its pleadings as support for its position; instead, the party opposing summary judgment must establish specific facts through affidavits based upon personal knowledge."  *The Guardian Life Ins. Co. of America v. Madole*, 48 F. Supp. 2d 26, 29 (D.D.C. 1999); *see also* Fed. R. Civ. P. 56(e).

II.    **According to Well-Established Authority, Ms. Matini is Unambiguously Entitled to the Insurance Proceeds**

The award of benefits under an ERISA plan is determined "in the first instance by the language of the plan itself." *Lockhart v. United Mine Workers of America 1974 Pension Trust*, 5 F.3d 74, 77 (4th Cir. 1993); *see also* 29 U.S.C. § 1104(a)(1)(D)(providing that an ERISA fiduciary "shall discharge his duties with respect to a plan…in accordance with the documents and instruments governing the plan….").

In this case, the plan documents include the life policy, the accident policy, and the group enrollment form. *See* Statement of Undisputed Facts Nos. 2 & 4 and Exhibits B-D. Prior to his death, the decedent designated his wife, Ms. Matini, as the sole beneficiary of these two insurance policies. *See* Statement of Undisputed Facts No. 4 and Exhibit D. Nonetheless, Alex Matini, the administrator of the decedent's estate, submitted a competing claim to the proceeds of the policy asking that the monies be paid to the decedent's father. *See* Statement of Undisputed Facts No. 6. However, when confronted with the fact that Ms. Matini was the only person identified in the current beneficiary designation, Alex Matini has been unable to present facts to support his claim and, by his failure to answer the Amended Complaint, has admitted the facts which establish Ms. Matini's rights. *See* Statement of Undisputed Facts Nos. 6-10.

Because the documents and instruments governing the employee welfare benefit plan at issue here unambiguously entitle Ms. Matini to the life insurance proceeds, summary judgment is appropriate. *See Madole*, 48 F. Supp. 2d at 31 (granting defendant's motion for summary judgment where defendant was named the sole beneficiary to insurance proceeds on the only beneficiary designation form on file with plaintiff insurance company); *Steamship Trade Assoc. Int'l Longshoremen's Assoc, (AFL-CIO) Benefits Trust Fund v. Bowman*, 247 F.3d 181 (4th Cir. 2001)(affirming district court's grant of summary judgment and holding that decedent's mother,

and not his current wife, was entitled to insurance proceeds where the beneficiary form provided

his mother as the sole beneficiary of the life insurance policy); *see also Estate of Edward T.*

*Sharkey v. Pine Tree Distributors, Inc.*, 174 F. Supp. 2d 380 (D. Md. 2001)(granting summary

judgment in favor of decedent's ex-wife where there was no dispute that the only beneficiary

designation executed by the decedent designated his ex-wife as the beneficiary); *Metropolitan*

*Life Insur. Co. v. Pearson*, 6 F. Supp 2d 469 (D. Md. 1998)(holding named beneficiary was

entitled to proceeds of insurance policy as a matter of law); *Prudential Insur. Co. of America v.*

*Burks*, 1996 U.S. Dist. LEXIS 19221 (E.D.N.C. 1996)(same).

　　　　The facts of this case are closely analogous to those presented in the *Madole* case.  In

*Madole* the two claimants to insurance proceeds included decedent's widow and daughter from a

previous marriage.  *Madole*, 48 F. Supp. 2d at 27.  The decedent had designated his daughter as

his beneficiary prior to his marriage to the widow.  *Id*.  According to the insurance company's

files, the designated beneficiary on the policy at the time of decedent's death was his daughter.

*Id*.  The widow presented the insurance company with two letters purporting to be written by

decedent and indicating that he wished to designate his new wife as his beneficiary.  *Id*.

However, the insurance company had no record of having received either letter or of any

beneficiary change form.  *Id*.  The court concluded that granting summary judgment in favor of

the daughter was "consistent with the intent that 'ERISA plans…be administered according to

their controlling documents.'"  *Id*. at 29 *quoting McMillan v. Parrott*, 913 F.2d 310, 312 (6th Cir.

1990).

　　　　In this case, it is undisputed that there is only one beneficiary designation form on file

with Reliance and this provides Ms. Matini as the sole beneficiary.  There is no evidence or

allegation of fraud, undue influence, or forgery that would invalidate the designation form.

Moreover, there have been no allegations that decedent had changed or attempted to change the beneficiary designation.  Alex Matini's claim to the proceeds is totally unsubstantiated and the law in this area, as set forth above, is clear that Ms. Matini is the rightful beneficiary to the funds.

## <u>CONCLUSION</u>

WHEREFORE, Claimant Masoomeh Ashoori Matini asks that the Court grant her Motion for Summary Judgment and enter an order awarding her the insurance proceeds at issue.

Respectfully Submitted,

MASOOMEH ASHOORI MATINI
By Counsel

_____/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #929406)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served via facsimile and first-class mail, postage prepaid this 23rd day of May, 2006 to the following:

Jean-Marie Sylla, Jr., Esq.
Taylor, Sylla & Agin, LLP
1420 New York Avenue, N.W.
Suite 810
Washington, D.C. 20005
*Counsel for Reliance Standard*

Michael E. Geltner, Esq.
GELTNER & ASSOCIATES, P.C.
Number 10 E Street, S.E.
Washington, D.C. 20003
*Counsel for Claimant*
*F. Alexander Matini*

Paul B. Ward, Esq.
8304 Old Courthouse Road, Suite B
Vienna, VA 22182
*Counsel for Claimant*
*F. Alexander Matini*

Jason D. Smolen, Esq.
SMOLEN PLEVY
8045 Leesburg Pike, Suite 450
Vienna, VA 22182
(703) 790-1754 (fax)
*Co-counsel for Claimant*
*Masoomeh Ashoori Matini*

_____/s/_____
Bernard J. DiMuro

8