UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MASOOMEH ASHOORI MATINI & F. ALEXANDER MATINI,<br><br>　　　　　Defendants. | Civil Action  05-01101 (HHK)<br>　　　　　　　05-02254 |

MEMORANDUM OPINION

Reliance Standard Life Insurance Company ("Reliance") brings this interpleader action to determine the appropriate beneficiary of life and accident insurance policies held by the late Houman Michael Matini. On March 5th, 2006, this court granted Reliance's motion to deposit funds totaling $268,000 into the registry of the court. Before the court is a motion for summary judgment brought by defendant Masoomeh Ashoori Matini ("Ms. Matini"), the decedent's widow. Defendant F. Alexander Matini ("Mr. Matini"), the executor of decedent's estate, has not responded to Ms. Matini's motion, despite previously disputing (without stating any reasons) Reliance's initial determination that Ms. Matini was the rightful beneficiary.

In determining a motion for summary judgment, Local Civil Rule 7(h) provides that "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to

the motion." Because Mr. Matini has provided no countervailing statement of genuine issues of material fact, Ms. Matini's Statement of Material Facts Not in Dispute is deemed admitted in its entirety.

The insurance policies at issue are part of an employee welfare benefit plan and are consequently governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. ERISA plans are to be "'administered according to their controlling documents.'" *Guardian Life Ins. Co. of America v. Madole*, 48 F. Supp. 2d 26, 31 (D.D.C. 1999) (quoting *McMillan v. Parrot*, 913 F.2d 310, 312 (6th Cir. 1990)). Ms. Matini's Statement of Material Facts Not in Dispute, along with the exhibits that accompany it, indicate that "[p]rior to his death, decedent had designated his wife, Ms. Matini, as sole beneficiary" of his life and accident insurance policies. Def.'s Statement at ¶ 4; Def.'s Ex. D (Group Enrollment Form). Mr. Matini has never disputed this, nor offered any reason to deviate from the conclusion it compels. Based on these uncontroverted facts, the court concludes that Ms. Matini is entitled to summary judgment in her favor.

An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Court Judge

Dated: July 12, 2006